**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 24-cv-02863-NYW-SBP

JUNE IV,

Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on three Motions: (1) Plaintiff's Partial Motion for Summary Judgment Pursuant to F.R.C.P. 56 ("Plaintiff's Motion for Partial Summary Judgment"), [Doc. 47]; (2) Defendant Safeco Insurance Company of America's Motion for Partial Summary Judgment ("Defendant's Motion for Partial Summary Judgment"), [Doc. 50], and Defendant Safeco Insurance Company of America's Motion to Exclude Opinions of Britta Moss ("Motion to Exclude"), [Doc. 51]. The Court has reviewed the Motions and concludes that oral argument would not materially assist in their resolution.[1] For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Partial Summary Judgment are **DENIED** and the Motion to Exclude is **GRANTED in part** and **DENIED in part**.

[1] Defendant does not request an evidentiary hearing on the Motion to Exclude. [Doc. 51 at 2]. The Court concludes that it can resolve the Motion to Exclude without holding a hearing.

## BACKGROUND

Plaintiff June Iv ("Plaintiff" or "Ms. Iv") resides in Florida and owns and rents out a home in Colorado. [Doc. 5 at ¶ 1, 13]. Defendant Safeco Insurance Company of America ("Defendant" or "Safeco") issued a landlord protection insurance policy to Plaintiff that covered the subject property. [*Id.* at ¶¶ 9–14]. In December 2022, Plaintiff's management company informed her that the property had sustained water damage. [*Id.* at ¶ 17]. Ms. Iv submitted an insurance claim to Safeco, but Safeco denied coverage in January 2023 on the basis that Ms. Iv had failed to maintain heat in the property, in violation of the insurance policy, which caused a pipe to burst. [*Id.* at ¶ 28]. Plaintiff later disputed that a frozen pipe had caused the water damage, [*id.* at ¶ 32], and in April 2024, Safeco reversed its coverage position and "agreed to extend coverage" for Plaintiff's insurance claim, [*id.* at ¶ 45].

Ms. Iv initiated this action in state court on September 25, 2024, [*id.* at 1], and Defendant removed the case to federal court on October 16, 2024, [Doc. 1]. Plaintiff asserts claims for breach of contract, [Doc. 5 at ¶¶ 64–70], unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116 (or "statutory bad faith"), [*id.* at ¶¶ 71–74], and common law bad faith, [*id.* at ¶¶ 75–80].

Both Parties have moved for partial summary judgment. *See* [Doc. 47; Doc. 50]. Safeco also moves to exclude the testimony of Plaintiff's insurance industry expert, Britta Moss. *See* [Doc. 51].

# I. Motion to Exclude

Because the Court's resolution of the Motion to Exclude might impact the evidence available for consideration on the Motions for Partial Summary Judgment, the Court considers Defendant's Motion to Exclude first.

## A. Legal Standard

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. "In essence, Rule 702 permits a court to admit expert testimony that is 'both reliable and relevant.'" *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1172 (10th Cir. 2020) (quoting *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006)). The party offering expert testimony has the burden of showing its admissibility by a preponderance of the evidence. *Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d 1041, 1048 (D. Colo. 2011).

It is well established that trial courts must act as gatekeepers to ensure that expert testimony is reliable and relevant. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–52 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588–89 (1993). To fulfill that gatekeeper function, the trial court first analyzes whether the proffered expert is

qualified "by knowledge, skill, experience, training, or education" to render their opinions. Fed. R. Evid. 702; *Bill Barrett Corp. v. YMC Royalty Co.*, 918 F.3d 760, 770 (10th Cir. 2019). If the expert is qualified, the trial court must determine whether the expert's opinions are reliable by assessing the underlying reasoning and methodology. *Bill Barrett Corp.*, 918 F.3d at 770. The court must also determine whether the expert's opinions are "applicable to a particular set of facts," i.e., are relevant to the case at hand. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003). This inquiry "encompasses Rule 702's requirement that the evidence help the trier of fact to understand the evidence or to determine a fact in issue." *Sanderson*, 976 F.3d at 1172 (cleaned up).

**B. Analysis**

Defendant moves to exclude all of the opinions of Plaintiff's insurance industry expert, Britta Moss. *See* [Doc. 51]. Specifically, it asks the Court to exclude nine separate opinions, set out by Defendant as follows:

> **Opinion 1:** "Safeco [i]mproperly denied coverage for [Plaintiff's] claim. Safeco'[s] analysis and application of coverage and its investigation deviated from industry standards and common practices for property claim handling." [Doc. 51-1 at 4].
>
> **Opinion 2:** "A common and near-universal rule of insurance coverage is that the insured has the burden of proving that a claim or loss falls within the scope of a policy's insuring agreement, while the insurer has the burden of establishing the applicability of a policy's exclusion from coverage. Safeco claim personnel failed to follow this basic rule and practice for coverage analysis before it denied [Plaintiff's] claim in January 2023. Thereafter, despite the claim being reassigned and reviewed multiple times by multiple handlers, Safeco unreasonably failed to recognize this basic error for well over a year." [*Id.* (emphasis omitted)].
>
> **Opinion 3:** "Not only did Safeco fail to conduct a reasonable investigation, but it also failed to consider the entirety of the freezing exclusion language." [*Id.* at 5].

> **Opinion 4:** "Safeco failed to investigate whether there was anything to support a failure to use reasonable care to maintain heat." [*Id.*].
>
> **Opinion 5:** "Safeco failed to reasonably investigate [Plaintiff's] claim and failed to follow basic rules for coverage analysis as widely accepted and understood in the industry. By so doing, Safeco denied [Plaintiff's] claim without a reasonable basis." [*Id.*].
>
> **Opinion 6:** "Safeco put its own interests ahead of [Plaintiff's interests]." [*Id.*].
>
> **Opinion 7:** "Safeco knew or should have known that it was their burden to show that the valve froze for the exclusion to potentially apply." [*Id.*].
>
> **Opinion 8:** "Safeco unreasonably maintained its improper coverage denial for more than a year, resulting in significant delay of loss payments." [*Id.*].
>
> **Opinion 9:** "Safeco improperly assumed that the valve froze and improperly placed the burden on [Plaintiff] to show that it did not freeze." [*Id.*].

*See* [Doc. 51 at 4–5].

***Legal Conclusions.*** First, Defendant argues that a number of Ms. Moss's opinions are improper legal conclusions that should be excluded. [*Id.* at 9–11].

An expert witness may not "state legal conclusions drawn by applying the law to facts," *A.E. ex rel. Evans v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991), as "such ultimate conclusions would not be helpful to the jury and would improperly intrude on its fact-finding function," *O'Sullivan v. Geico Cas. Co.*, 233 F. Supp. 3d 917, 929 (D. Colo. 2017). In insurance cases, courts often hold that an expert may not testify that an insurance company did or did not act in bad faith or did or did not act reasonably, as such opinions amount to impermissible legal conclusions. *See, e.g.*, *Bethel v. Berkshire Hathaway Homestate Ins. Co.*, 596 F. Supp. 3d 1260, 1269 (D. Colo. 2022); *Masters v. Safeco Ins. Co. of Am.*, No. 20-cv-00631-PAB-NRN, 2021 WL 4317112, at *10 (D. Colo. Sept. 23, 2021). Similarly, an expert may not opine that an insurance company

violated the law or violated the duty of good faith and fair dealing. *O'Sullivan*, 233 F. Supp. 3d at 930; *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988).

However, it is well-established in this District that an industry expert may opine about whether an insurer complied with industry standards. *See George v. Metro. Prop. & Cas. Ins. Co.*, No. 18-cv-01663-PAB-SKC, 2020 WL 70424, at *9, *13 (D. Colo. Jan. 2, 2020) (permitting expert testify that insurer's conduct "did not conform with" or "departed from" insurance industry standards); *Canyon Club Condo. Owners Ass'n v. Am. Fam. Mut. Ins. Co.*, No. 18-cv-00683-DDD-STV, 2023 WL 10410009, at *4 (D. Colo. Sept. 29, 2023) (concluding that expert's opinions about whether insurer complied with industry standards "may assist the jury in its determination of whether or not the insurance claim was investigated reasonably").

Defendant argues that Opinions 1, 2, 3, 4, 5, 7 and 8 are "legal opinions regarding coverage" that should be excluded because "[c]overage is a question of law for the Court and [is] not a proper subject of expert testimony. [Doc. 51 at 10]. But Defendant does not meaningfully develop this argument or explain why any of these seven opinions amounts to an opinion "regarding coverage." [*Id.*]. The vast majority of these opinions do not attempt to interpret the insurance policy or opine about the existence of coverage; rather, Ms. Moss opines about Safeco's handling of Plaintiff's claim. [Doc. 51-1 at 4–5].

The exceptions are portions of Opinion 2 and Opinion 3. Under Colorado law, the insured party has the initial burden to show coverage under the policy, and if the insured meets this burden, the burden shifts to the insurer to show that a policy exclusion applies. *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1260 (10th Cir. 2020) (applying Colorado law). If the insurer makes that showing, the burden shifts

back to the insured to demonstrate an exception to the exclusion. *Id.* Ms. Moss's opinion that "[a] common and near-universal rule of insurance coverage is that the insured has the burden of proving that a claim or loss falls within the scope of a policy's insuring agreement, while the insurer has the burden of establishing the applicability of a policy's exclusion from coverage," [Doc. 51-1 at 4], is simply a legal conclusion masked as a "rule." Ms. Moss may testify that, based on her review of the facts, Safeco did not act as if it had the burden to establish that the loss was excluded from coverage, and counsel may argue, after the Court instructs the jury on the applicable legal standards, that Safeco breached its duties of good faith and fair dealing to Plaintiff. But Ms. Moss may not opine about the applicable law, and Opinion 2 will be excluded to the limited extent that it sets out legal principles as a "rule."

With respect to Opinion 3, the specific, limited opinion challenged by Safeco does not expressly attempt to interpret the policy, asserting only that Safeco "failed to consider the entirety of the freezing exclusion language." [Doc. 51 at 5; Doc. 51-1 at 5]. But Ms. Moss goes on to opine that Safeco "misstates the [policy] exclusion," that the "exclusion for freezing applies while the dwelling is vacant or unoccupied <u>unless</u> the insured has used reasonable care to maintain heat or shut off the water supply," and that "the exclusion would . . . not apply unless [Plaintiff] failed to use reasonable care to maintain heat." [Doc. 51-1 at 5].

"The interpretation of an insurance contract is a question of law," *USAA Cas. Ins. Co. v. Anglum*, 119 P.3d 1058, 1059 (Colo. 2005), and is a matter for the Court to decide, not the jury, *Girard Offs., LLC v. Am. Zurich Ins. Co.*, No. 19-cv-03590-PAB-MEH, 2022 WL 4467240, at *4 (D. Colo. Sept. 26, 2022). An expert may not "direct the jury's

understanding of the applicable legal rights and obligations of the parties," *Stoker v. State Farm Mut. Auto. Ins. Co.*, No. 19-cv-03569-NYW, 2021 WL 4201583, at *6 (D. Colo. May 6, 2021), or "define the legal parameters within which the jury must exercise its fact-finding function," *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1184 (D. Colo. 2018) (citing *Specht*, 853 F.2d at 809). Ms. Moss will not be permitted to offer opinions that attempt to interpret the insurance policy. *See Bethel*, 596 F. Supp. 3d at 1267 ("Mr. Sands may not offer an opinion that amounts to contract interpretation."); *EP Resorts, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 21-cv-00281-PAB-STV, 2023 WL 399790, at *3 (D. Colo. Jan. 25, 2023) ("[E]xpert opinions interpreting an insurance policy invade the province of the Court and the jury." (quotation omitted)). Opinion 3 will be excluded to the limited extent it attempts to interpret the policy at issue in this case.

Next, Defendant contends that Opinion 8 "is also a legal conclusion that Safeco improperly delayed a covered benefit to Plaintiff, *i.e,* committed bad faith." [Doc. 51 at 10]. It contends that "Ms. Moss may not draw ultimate conclusions and testify whether she believes Safeco acted unreasonably or acted in bad faith." [*Id.*]. The Court agrees with Safeco that Ms. Moss may not opine that Safeco "unreasonably" denied coverage. *See Bethel*, 596 F. Supp. 3d at 1269; *Masters*, 2021 WL 4317112, at *10. Opinion 8 will be excluded to the limited extent Ms. Moss opines that Safeco acted unreasonably.[2]

Finally, Safeco contends that, in Opinions 2, 3, 4, and 7, "Ms. Moss . . misapplies Colorado law with respect to the burden to prove an exception to an exclusion, *i.e.*, whether Plaintiff used reasonable care to maintain heat in her property." [Doc. 51 at 11].

[2] Similarly, although Safeco does not move to exclude Opinion 5 on this basis, *see* [Doc. 51 at 10], Ms. Moss will not be permitted to frame her opinion as a statement about whether Defendant acted reasonably or unreasonably, *see* [Doc. 51-1 at 5].

The Court has already addressed Opinion 2 above, and Defendant does not explain why Opinions 3, 4, or 7 "misappl[y] Colorado law with respect to the burden to prove an exception to an exclusion." [Doc. 51 at 11]. The Court has reviewed these opinions and finds that, on their face, they do not misapply or misstate Colorado law. To the extent Ms. Moss testifies at trial in a manner inconsistent with Colorado law, Safeco may raise contemporaneous objections at that time.

***Speculative Opinions.*** Finally, Safeco contends that Opinions 6, 7, and 9 are "speculative subjective opinions about Safeco's knowledge[] and the assumptions made by Safeco" and should be excluded on this basis. [Doc. 51 at 11].

Courts in this District, including this Court, have excluded expert opinions that speculate on a party's "motivations, intent, or state of mind." *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-MLC, 2018 WL 571877, at *3 (D. Colo. Jan. 26, 2018); *see also Northmarq Fin., LLC v. Fid. Nat'l Title Ins. Co.*, No. 22-cv-02839-WJM-TPO, 2025 WL 2780917, at *6 (D. Colo. Sept. 30, 2025); *Chancellor v. State Farm Mut. Auto. Ins. Co.*, No. 23-cv-02115-NYW-TPO, 2026 WL 878682, at *5 (D. Colo. Mar. 31, 2026). To the extent Ms. Moss opines that State Farm "assumed" that the valve froze, [Doc. 51-1 at 5], or that Safeco "knew . . . that it was [its] burden to show that the valve froze," [*id.*], these opinions will not be permitted. But an expert may "testify about facts and [her] observations from which the jury can then infer motive or intent." *Northmarq Fin.*, 2025 WL 2780917, at *6 (quotation omitted). In other words, although Ms. Moss cannot opine about what State Farm knew about its burden to prove a policy exclusion, she could—for example—opine that Safeco did not conduct itself as if it had the burden to establish an exclusion to coverage. Similarly, while she cannot speculate

about what Safeco "assumed" about the frozen pipe, she may testify as to her opinion that Safeco's conduct did not comply with industry standards. [Doc. 51-1 at 7].

Accordingly, the Motion to Exclude is **GRANTED in part** and **DENIED in part**, as set forth above.

## II. Motions for Summary Judgment

Safeco seeks summary judgment in its favor on Ms. Iv's bad faith claims. [Doc. 50]. Plaintiff asks the Court to enter "an order pursuant to FRCP 56 that Defendant unreasonably delayed coverage of Plaintiff's water loss claim for 15 months." [Doc. 47 at 3]; *see also* [*id.* at 20 (Plaintiff "request[ing] that this Court grant Plaintiff's motion holding that as a matter of law, Safeco's handling of Plaintiff's claim was unreasonable")].

### A. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (cleaned up). In reviewing the pending Motions, the Court does not weigh the evidence or determine the credibility of witnesses, *see Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008), and it views the record in the light most favorable to the nonmoving party, *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

"Cross-motions for summary judgment are treated as two individual motions for summary judgment and held to the same standard," *id.*, and "the denial of one does not

require the grant of another," *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979). However, the burden at summary judgment slightly differs depending on which party bears the ultimate burden at trial. A movant that does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant must only point the Court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once this movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). But "if the moving party has the burden of proof [at trial], a more stringent summary judgment standard applies." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). A moving party who bears the burden at trial "must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Id.*

**B. Undisputed Material Facts**

These undisputed material facts are drawn from the summary judgment record.

1. Safeco issued a landlord protection policy (the "Policy") to Ms. Iv. [Doc. 50 at ¶ 1; Doc. 52 at 2 ¶ 1]; *see generally* [Doc. 50-1].

2. The Policy contains an exclusion that excludes coverage for loss caused by

> freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing, while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:
>
> a. maintain heat in the building; or

b. shut off the water supply and drain the system and appliances of water. . . .

[Doc. 50 at ¶ 3; Doc. 52 at 2 ¶ 3; Doc. 50-1 at 32 (the "Freeze Exclusion")].

3. On December 28, 2022, water damage was discovered at the insured property while the property was vacant. [Doc. 50 at ¶¶ 6, 10; Doc. 52 at 2 ¶¶ 6, 10; Doc. 50-3 at 2; Doc. 50-4 at 8]. Plaintiff submitted an insurance claim on December 29, 2022. [Doc. 50 at ¶ 7; Doc. 52 at 2 ¶ 7; Doc. 50-3 at 1].

4. On January 5, 2023, Plaintiff's property manager, Larry Turner—with whom Safeco was permitted to discuss the claim—sent an email to Safeco stating: "Property has water damage from frozen pipes. Ceiling has dropped in the kitchen, living room and a portion of the garage. Water damage to multiple wall areas." [Doc. 50 at ¶¶ 8–9; Doc. 52 at 2 ¶¶ 8–9; Doc. 50-2 at 58:2–7;[3] Doc. 50-3 at 7].

5. On January 6, 2023, a Safeco representative spoke with Mr. Turner and documented the conversation in the claim notes as follows:

> Facts of Loss: [Negative] 11 degrees temperature - vacant home - break occurred - water was then turned off - home was vacant for 20 days - **heat was on and set at 55 degrees** - kitchen, dining, living room, garage - Kitchen Cabinets damaged - ceiling in every room damaged and drywall - flooring is damaged carpet and pad since home was built - unknown subfloor damage. . . .

[Doc. 47 at ¶ 13; Doc. 54 at 4 ¶ 13; Doc. 50-4 at 9 (emphasis added)].

6. A few days later, on January 10, 2023, Ms. Iv reported to Safeco that the property's heat was off at the time of the loss. [Doc. 50 at ¶ 11; Doc. 52 at 3 ¶ 11; Doc. 50-

[3] When citing to deposition transcripts, the Court cites to the docket number assigned by the CM/ECF system and to the page and line numbers appearing on the transcript. In all other instances, the Court cites to the docket and page numbers assigned by CM/ECF.

4 at 8]. Safeco knew that Ms. Iv's report was not based on first-hand knowledge. [Doc. 47 at ¶ 17; Doc. 54 at 4 ¶ 17; Doc. 47-1 at 43:5–8].

7. Safeco did not investigate (1) the inconsistency between Ms. Iv's report that the heat was off and Mr. Turner's report to the Safeco representative that the heat was on or (2) the inconsistency between Mr. Turner's original report that a frozen pipe caused the loss and his later report that heat was maintained at the property. [Doc. 47 at ¶ 19; Doc. 54 at 4 ¶ 19;[4] Doc. 47-1 at 44:18–23; Doc. 47 at ¶ 21; Doc. 54 at 4 ¶ 21;[5] Doc. 47-1 at 50:17–51:10].

8. Also on January 10, a Safeco representative, Derek Fair, inspected the property and entered a claim note stating: "Compression value [sic] under stairs sink broke 12/28, discovered 12/29, . . . . Cause of loss: broken compression value [sic] under upstairs hall sink." [Doc. 50 at ¶¶ 12–13; Doc. 52 at 3 ¶¶ 12–13; Doc. 50-4 at 7]. Mr. Fair made no indication that freezing contributed to the loss. [Doc. 47 at ¶ 29; Doc. 47 at 6 ¶ 29; Doc. 47-5 at 39:19–25].

9. Safeco did not attempt to speak with Mr. Fair after receiving his report and did not perform any other inspection of the property. [Doc. 47 at ¶¶ 32–33; Doc. 47 at 6 ¶¶ 32–33; Doc. 47-1 at 56:3–11, 58:22–25].

[4] Defendant "[a]dmit[s] that Safeco did not perform any investigation regarding the inconsistency between the information reported by Mr. Turner concerning the heat being on at the Property and the information Plaintiff reported beyond the information available at that time." [Doc. 54 at 4 ¶ 19].

[5] Defendant does not dispute Plaintiff's assertion that there was no investigation into Mr. Turner's conflicting statements, but it asserts that Safeco called Mr. Turner on January 18, 2023 "to discuss the claim." [Doc. 54 at 5 ¶ 21]. This statement does not sufficiently address Plaintiff's assertion of fact, so the Court deems this fact undisputed. Fed. R. Civ. P. 56(e)(2).

10. Safeco denied coverage on January 18, 2023 based on the Freeze Exclusion. [Doc. 50 at ¶ 18; Doc. 52 at 3 ¶ 18; Doc. 50-3 at 8–10].[6]

11. In September 2023, Ms. Iv contacted Safeco through counsel and reported that the compression valve broke because it was loose, not because of a frozen pipe. [Doc. 50 at ¶ 24; Doc. 52 at 4 ¶ 24; Doc. 50-3 at 15–17].

12. Safeco requested heating bills from Plaintiff, and Plaintiff provided the heating bills in January 2024. [Doc. 50 at ¶¶ 25–26; Doc. 52 at 4 ¶¶ 25–26; Doc. 50-3 at 15–17, 32–33].

13. On April 11, 2024, Safeco agreed to extend coverage for the water damage. [Doc. 50 at ¶¶ 31–32, 35; Doc. 52 at 4–5 ¶¶ 31–32, 35; Doc. 50-3 at 49–52].

14. Safeco's claim notes from April 2024 state: "Our inspection has no indication of freeze / break in regard to this loss. . . . There is no continual change of facts - originally reported as damage due to freeze / break - but no evidence to support this was the cause of loss." [Doc. 47 at ¶ 39; Doc. 54 at 7 ¶ 39; Doc. 47-3 at 1].

**C. Analysis**

As mentioned above, both Parties seek judgment in their favor on Plaintiff's bad faith claims. Under Colorado law, there are two types of insurance-based bad faith claims: (1) common law bad faith and (2) statutory bad faith. *McKinney v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-01651-CMA-KLM, 2021 WL 4472921, at *4 (D. Colo. Sept. 30, 2021). To succeed on a statutory claim of unreasonable delay or denial, an insured must establish that (1) the insurer delayed or denied payment of benefits to the insured,

[6] Ms. Iv denies portions of Safeco's assertion regarding the denial, but she does not deny that "on January 18, 2023 Defendant denied coverage for the repairs pursuant to the" Freeze Exclusion. [Doc. 52 at 3 ¶ 18].

and (2) the delay or denial was without a reasonable basis. *Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018). The requirements for success on a common law claim are similar, but "heightened." *Butman Fam. Inv. Ltd. P'ship v. Owners Ins. Co.*, No. 19-cv-01638-KLM, 2020 WL 1470801, at *8 (D. Colo. Mar. 25, 2020). In addition to demonstrating that the insurer delayed or denied the payment of benefits without a reasonable basis, "a common law insurance bad faith claim requires the insured to [prove] . . . that the insurer knowingly or recklessly disregarded the validity of the insured's claim." *Id.* (quoting *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 990 (Colo. App. 2015), *aff'd*, 418 P.3d 501 (Colo. 2018)).

Thus, to succeed on either bad faith claim, Plaintiff must show that Defendant acted unreasonably. "The reasonableness of the insurer's conduct is determined objectively and is 'based on proof of industry standards.'" *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 847 (Colo. 2018) (quoting *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 415 (Colo. 2004)). An insurer acts unreasonably when it acts "without a reasonable basis." *Wagner v. Am. Family Mut. Ins. Co.*, 569 F. App'x 574, 579–80 (10th Cir. 2014) (applying Colorado law). The insurer's decision to deny benefits is evaluated "based on the information before the insurer at the time of that decision." *Schultz*, 429 P.3d at 847. Industry standards may be established through expert testimony. *Peden v. State Farm Mut. Auto. Ins. Co.*, 841 F.3d 887, 890 (10th Cir. 2016).

Both Parties argue that no reasonable jury could find in the other side's favor on Ms. Iv's bad faith claims. [Doc. 47 at 3; Doc. 50 at 12]. Plaintiff argues that the undisputed evidence demonstrates that Safeco acted unreasonably in denying Plaintiff's claim because it denied the claim without credible evidence and without properly investigating

the claim. [Doc. 47 at 13–18]. In addition, she argues that Safeco failed to provide a reasonable explanation for its denial of coverage. [*Id.* at 18–19]. On the other hand, Defendant argues that its decision to deny coverage in January 2023 was "per se reasonable" based on the information it had at the time. [Doc. 50 at 14]. It also argues that the delay in providing coverage is attributable to Plaintiff, not Safeco, [*id.* at 14–15], and that Ms. Iv cannot present any evidence that it knew of or recklessly disregarded its unreasonableness, [*id.* at 17–18].

The Court is respectfully unpersuaded that either Party is entitled to summary judgment on the bad faith claims. "What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury." *Vaccaro v. Am. Fam. Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012). But "in appropriate circumstances," such as "when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Id.* This case is not one in which reasonableness can be determined as a matter of law; rather, genuine disputes of material fact preclude summary judgment in either side's favor.

Take, for example, Plaintiff's argument that Safeco acted unreasonably by not performing an adequate investigation before denying coverage in January 2023. *See* [Doc. 5 at ¶ 55; Doc. 47 at 12–16]; *see also Peden*, 841 F.3d at 891 ("Colorado law creates standards for insurers' practices. . . . Under these standards, an insurer may not deny or delay a claim without 'conducting a reasonable investigation based upon all available information.'" (quoting Colo. Rev. Stat. § 10–3–1104(1)(h)(IV))). Ms. Moss, Plaintiff's expert, opines that Safeco's investigation deviated from industry standards. *See* [Doc. 51-1 at 4]. Conversely, State Farm's expert opines that "Safe[co]'s denial

complied with industry standards because its investigation provided substantial evidence supporting application of" the Freeze Exclusion. [Doc. 47-12 at 2]. "A battle of the experts generally requires a trial and a trier of fact to resolve." *HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*, 872 F. Supp. 2d 1154, 1189 (D. Colo. 2012); *see also Thompson v. State Farm Mut. Auto. Ins. Co.*, 457 F. Supp. 3d 998, 1005 (D. Colo. 2020) (denying summary judgment based on genuine issues of material fact where the parties' experts offered competing opinions about the defendant's investigation). "Where, as here, genuine issues of material fact exist as to the basis for defendant's denial of coverage, reasonableness under the circumstances should be determined by the jury." *Thompson*, 457 F. Supp. 3d at 1006.

Similarly, Defendant argues that any delay in payment is attributable only to Plaintiff because after coverage was denied on January 18, 2023, "Plaintiff did nothing to contest Safeco's determination for nearly nine months until [she] retained counsel who advised Safeco [that] the loss may have been caused by a loose compression valve and not freeze." [Doc. 50 at 15]. But this argument assumes that Safeco's original denial in January 2023 was reasonable. If a jury concludes that the denial was *not* reasonable, then the jury could also conclude that Safeco bears some responsibility for the delay in payment.[7]

Finally, Safeco contends that, for purposes of Ms. Iv's common law claim, there is no evidence that Safeco had knowledge of or recklessly disregarded its alleged unreasonable conduct. [Doc. 50 at 17–18]. But Ms. Moss opines that Safeco disregarded

---

[7] Moreover, Ms. Iv's statutory claim is based on unreasonable delay *and* unreasonable denial. *See* [Doc. 5 at ¶ 72].

well-established industry standards in handling Plaintiff's claim. *See, e.g.*, [Doc. 51-1 at 5 ("Safeco failed to . . . investigate [Plaintiff's] claim and failed to follow basic rules for coverage analysis as widely accepted an understood in the [insurance] industry.")]. At the very least, this evidence establishes an issue of material fact as to whether Safeco recklessly disregarded its unreasonableness by failing to properly investigate Plaintiff's claim and failing to comply with industry standards. *See Palmer v. Owners Ins. Co.*, No. 18-cv-01953-JLK, 2019 WL 7370372, at *4 (D. Colo. Nov. 6, 2019) (recognizing that the insurance company's "failure to fully investigate . . . could be viewed as reckless disregard for the validity of the [plaintiff's] claim on the part of [the insurance company]").

Based on these genuine disputes of material fact, the Court cannot enter summary judgment in either side's favor. The disputed issues of material fact must be decided by a jury. *Thompson*, 457 F. Supp. 3d at 1006. The Motions for Partial Summary Judgment are respectfully **DENIED**.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) Plaintiff's Partial Motion for Summary Judgment Pursuant to F.R.C.P. 56 [Doc. 47] is **DENIED**;

(2) Defendant Safeco Insurance Company of America's Motion for Partial Summary Judgment [Doc. 50] is **DENIED**;

(3) Defendant Safeco Insurance Company of America's Motion to Exclude Opinions of Britta Moss [Doc. 51] is **GRANTED in part** and **DENIED in part**; and

(4) A Telephonic Status Conference is **SET** for **October 8, 2026 at 11:00 a.m.** for purposes of setting a Final Pretrial/Trial Preparation Conference and trial in this matter. Counsel for the Parties shall participate using the following dial-in information: **571-353-2301; Access Code: 783456374**.

DATED: September 18, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge